```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VIRGIL RUSSELL BOOKER,

                Petitioner,              MEMORANDUM & ORDER
                                         10-CV-4113(JS)
        -against-

SUPERINTENDENT H. GRAHAM,
Auburn Correctional Facility,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Virgil Russell Booker, Pro Se
                   04A0613
                   Auburn Correctional Facility
                   PO Box 618
                   Auburn, NY 13024

For Respondent:    No Appearance
```

SEYBERT, District Judge:

Petitioner Virgil Russell Booker, appearing pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 2, 2010. As a supplement to his Petition, Booker includes a letter ("Supplemental Letter") admitting that the Petition is untimely, but nevertheless arguing that the case is not time-barred. For the reasons set forth below, the Court DISMISSES the Petition as time-barred.

## DISCUSSION

I. Petitioner's Writ is Untimely

The one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

applies to all state convictions that became final after April 24, 1996. See 28 U.S.C. § 2244(d)(1); Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 48 (1997). The AEDPA provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, it is not completely clear when Petitioner's conviction became final, because he does not provide the date on which the New York State Court of Appeals affirmed the decision of the Supreme Court, Appellate Division, Second Department. However, it is apparent from the Supplemental Letter that Petitioner learned about the Court of Appeals' decision on May 21, 2008. So, even if the Court assumes that Petitioner's conviction became final on May 21, 2008, his Petition would be time-barred.

II. Equitable Tolling Does Not Apply In This Case.

The limitation period may be tolled for equitable reasons if Petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

Here, Booker's Petition was filed at least two years after his conviction became final, and well over one year late. In support of his argument for equitable tolling, he states that he had experienced the death of several family members in 2009. But Petitioner does not argue that (1) these family deaths prohibited him filing of a timely Petition, (2) "as a matter of fairness" he was "prevented in some extraordinary way from

3

exercising his rights, or [(3) that he had previously] asserted his rights in the wrong forum." Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996) (quoting Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985), cert. denied, 474 U.S. 851, 106 S. Ct. 148, 88 L. Ed. 2d 122 (1985). Moreover, even if the deaths of his family members constituted "extraordinary circumstances" for purposes of tolling, Petitioner makes no representation that he made diligent efforts to file a Petition. In short, Petitioner has not provided this Court with any sufficient reason to toll the AEDPA statute of limitations. Accordingly, the Court holds that the doctrine of equitable tolling does not apply.

CONCLUSION

This Court DENIES the Petition as untimely, and will not issue any certificate of appealability. The Court will not issue a certificate of appealability in this case. Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C § 2253. Furthermore, the issues involved in this case are not debatable among reasonable jurors, a court could not resolve the issues in a different manner, and the questions involved do not deserve encouragement to proceed further. See Lucidore v. N.Y. State Div. of Parole,

209 F.3d 107, 112 (2d Cir. 2000).  The Clerk of the Court is directed to mark the matter CLOSED.

                                        SO ORDERED.

                                        /s/ JOANNA SEYBERT
                                        JOANNA SEYBERT, U.S.D.J.

Dated:    September 28, 2010
          Central Islip, New YorK